```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
DR. NADER KREIT,                                                 :
                                                                 :
                            Plaintiff,                           :
                                                                 :      22-cv-10751 (LJL)
            -v-                                                  :
                                                                 :      MEMORANDUM &
BYBLOS BANK S.A.L.,                                              :      ORDER
                                                                 :
                            Defendant.                           :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/28/2023

LEWIS J. LIMAN, United States District Judge:

For the reasons stated from the bench on March 9, 2023, the Court denied the motion of plaintiff Nader Kreit ("Plaintiff") for an attachment. Minute Entry, March 9, 2023. The Court found that Plaintiff had not established a probability of success on the merits, because Plaintiff had not demonstrated a basis for the Court to assert *quasi in rem* jurisdiction. Plaintiff now moves for reconsideration of the Court's Order of March 9, 2023, and for what he characterizes as "limited pretrial discovery." Dkt. No. 29. The motion is denied.

Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Defendant Byblos Bank S.A.L. ("Defendant") has not been served in this action and has not responded to the complaint. The parties have not held a Rule 26(f) conference, the Court has not entered a Rule 16(b) scheduling order, and the case is not exempted from the initial disclosure requirements.

Although the Federal Rules permit the Court to authorize discovery prior to a Rule 26(f) conference, the moving party must satisfy a "flexible standard of reasonableness and good cause." *Ayash v. Bank Al-Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005) (Lynch, J.). Plaintiff has not met this standard. Although he alleges a substantial sum of money is at stake and that he needs information in the possession of the Defendant to advance his claim, Dkt. No. 29 at 2, he does not provide the discovery he seeks or a basis for believing that such discovery would be sufficient to advance his claims. Furthermore, he does not provide reason for the Court to permit him to obtain discovery on an expedited basis, rather than in the ordinary course. If Plaintiff decides to pursue his claim and serves Defendant, and Defendant then moves to dismiss on personal jurisdiction grounds, Plaintiff can move for jurisdictional discovery then. *See Daou v. BLC Bank, S.A.L.*, 42 F.4th 120, 133 n.7 (2d Cir. 2022) (holding that district court did not abuse its discretion in denying jurisdictional discovery in a case raising similar issues to this case).

Plaintiff also moves for reconsideration of the Court's denial of Plaintiff's motion for an attachment. "A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court.'" *Justice v. City of New York*, 2015 WL 4523154, at *1 (E.D.N.Y. July 27, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Plaintiff argues that the Court should reconsider its decision because pretrial discovery would allow it to show a nexus between his causes of action and the property located in New York and that Defendant had the minimum contacts required to establish personal jurisdiction in New York. Dkt. No. 29 at 3. Plaintiff thereby tacitly concedes that he currently has no facts that would alter the Court's decision. As Defendant points out, "If in the future Plaintiff thinks he has developed a good faith basis to file another motion for attachment he can do so. The letter-motion concedes that at present he lacks any such basis." Dkt. No. 30 at 3. The motion for reconsideration is denied.[1]

The Clerk of Court is respectfully directed to close Dkt. No. 29. Additionally, because the Court previously denied Plaintiff's motion for a writ of attachment for the reasons stated on the record on March 9, 2023, the Clerk of Court is respectfully directed to close Dkt. No. 9.

SO ORDERED.

Dated: March 28, 2023
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[1] Plaintiff also asserts that the head of the Lebanese Central Bank has been accused of embezzlement of public money and the movement of such funds to foreign institutions. Dkt. No. 29 at 3. Similar assertions were made at oral argument on March 9, 2023, and thus—to the degree these assertions are at all relevant to the Court's exercise of *quasi in rem* jurisdiction—they were already considered.